```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

UNITED STATES OF AMERICA       )
                               )
          v.                   )     CRIMINAL NO. 2:06 CR 152
                               )
KEVIN WILBON                   )
```

OPINION AND ORDER OF DETENTION

At the December 1, 2006 initial appearance, the government requested that the defendant, Kevin Wilbon, be held without bond. A detention hearing was scheduled for December 5, 2006, but was continued until December 12, 2006, at the request of the defendant. The court now makes the following findings of fact:

1. The defendant currently is charged in a three count indictment with a violation of 21 U.S.C. §841(a)(1). If convicted, the defendant faces a mandatory minimum sentence of five years imprisonment and a maximum sentence of 80 years imprisonment.

2. At the detention hearing, the government proffered evidence to supplement the indictment and the prebond report prepared by the United States Probation Department. The defendant also proffered evidence.

3. The indictment alleges the distribution of crack cocaine on three separate occasions. During the execution of a search warrant, a gun was found in the defendant's residence.

4. In the prebond report, the defendant admitted to using marijuana on a regular basis.

5.  On January 5, 1999, the defendant was arrested for a series of traffic violations.  On September 24, 2001, a warrant was issued when the defendant failed to appear.  The defendant subsequently pled guilty to driving while suspended.

6.  On March 28, 2000, the defendant was charged with fleeing and resisting law enforcement, a Class D felony.  The prebond report indicated that the defendant was convicted of a felony but that no sentencing information was available.  In the proffer, the defendant denied this conviction.

7.  The defendant was unemployed at the time of his arrest.

Under 18 U.S.C. §3142(e), a rebuttable presumption exists that a defendant is a danger to the community if he is charged with a narcotics offense where the penalty is at least ten years imprisonment.  An individual who is in possession of both narcotics and a firearm is a danger to the community.  **United States v. Singer**, 943 F.2d 758, 762-63 (7th Cir. 1991).  In **United States v. Anderson**, 72 F.3d 563 (7th Cir. 1995), Circuit Judge Daniel Manion stated in a concurring opinion:

> Illegal drugs such as cocaine, the product Anderson chose to sell, are dangerous, addictive, and destructive to the user.  Sellers viciously fight over customers and selling territory.  We have consistently held that guns are typical tools of this dangerous trade.  In short, while "not all drug offenses are violent," the drug trade and culture are inherently violent.  Users will rob and maim to obtain money for their next purchase.  Street sellers and large quantity distributors alike inflict wanton violence upon competitors and traitors.
>
> 72 F.3d at 567

See also *United States v. Thompson*, 286 F.3d 950, 960 (7th Cir. 2002) (The Court of Appeals commented on the relationship between weapons and narcotics trafficking because "of the violent nature of the drug business"); *United States v. Johnson*, 170 F.3d 708, 719 (7th Cir. 1999) ("No one disputes that drugs are a scourge on society, especially on the lives of those who live in the midst of the dangerous drug culture"); *United States v. Stowe*, 100 F.3d 494, 499 (7th Cir. 1996) ("drug dealing is a crime infused with violence").

Wilbon is charged with distributing crack cocaine. In *United States v. Lawrence*, 951 F.2d 751 (7th Cir. 1991), the Court of Appeals stated:

> Drug use is a cancer that threatens society, particularly in the form of increased criminal activity. The highly addictive nature of crack, its growing availability, and relative low cost all serve to increase the risks associated with its use.

> 951 F.2d at 755

See also *United States v. Thornton*, 197 F.3d 241, 246 (7th Cir. 1999) ("The drug of choice is invariably cocaine, often in its most addictive form as crack"); *United States v. Robinson*, 164 F.3d 1068, 1071 n.1 (7th Cir. 1999)(the Court of Appeals noted that "the testimony at trial clearly established that [the defendant] distributed crack, not some less devastating species of cocaine"); *United States v. Booker*, 70 F.3d 488, 494 n.24 (7th Cir. 1995) ("more violence is associated with the distribution of crack than powder cocaine (often because the crack market attracts younger, presumably more crime-prone sellers.)") (internal

3

quotation marks omitted); *United States v. Jones*, 54 F.3d 1285, 1294 (7th Cir. 1995) (expressing concern "about the heightened addictiveness and dangerousness of cocaine base as compared to ordinary cocaine").

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e) On three separate occasions, federal agents purchased crack cocaine from the defendant.  A search of the defendant's residence also revealed a firearm.

The defendant was unemployed at the time of his arrest and has admitted to using marijuana on a regular basis.  *See generally United States v. Raimondi*, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").  Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

    A.   The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable,

4

            from persons who are confined after a conviction;

B.    The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

C.    The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 21st day of December, 2006

                                    s/Andrew P. Rodovich
                                        United States Magistrate Judge